IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHAD M. MORRIS,
    Petitioner,

v.                                          Case No. 5:12cv365/SPM/CJK

FLORIDA ATTORNEY GENERAL, et al.,
    Respondents.

## REPORT AND RECOMMENDATION

This habeas case filed under 28 U.S.C. § 2254, is before the Court upon petitioner's "Notice to Dismiss", which was docketed by the Clerk as a motion to dismiss. (Doc. 13). Rule 41 of the Federal Rules of Civil Procedure provides that an action may be dismissed without a court order by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment". Fed. R. Civ. P. 41(a)(1)(A)(i). Rule 41 applies to federal habeas corpus proceedings. *See* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus."); *Mayle v. Felix*, 545 U.S. 644, 654-55, 125 S. Ct. 2562, 2569, 162 L. Ed. 2d 582 (2005) (discussing the applicability of the Federal Rules of Civil Procedure to habeas proceedings brought under 28 U.S.C. § 2254). Respondent has not yet been served; thus, no answer or motion for summary judgment has been filed

Petitioner is automatically entitled to take a voluntary dismissal at this time.

Petitioner is advised that although this dismissal is without prejudice, a dismissal without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred. Petitioner is reminded that 28 U.S.C. § 2244(d) establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments. The one-year period normally runs from the date upon which the conviction became final. *See* § 2244(d)(1). The time during which a "properly filed" application for state postconviction or other collateral review is pending is not counted toward the limitations period. *See* § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). The pendency of a federal habeas proceeding does not toll the one-year limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)).

Accordingly, it is respectfully RECOMMENDED:

1. That petitioner's "Notice to Dismiss", construed as a motion to dismiss, (doc. 13) be GRANTED.

2. That this cause be DISMISSED WITHOUT PREJUDICE.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 15th day of March, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).